The Honorable David H. Pingree Secretary Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32301
Dear Secretary Pingree:
This is in response to your request for an opinion on substantially the following question:
 DOES s 116.111, F.S., PROHIBIT THE APPOINTMENT OF THE HUSBAND OF THE DISTRICT XI DEPUTY DISTRICT ADMINISTRATOR AS AN ASSISTANT SUPERINTENDENT AT THE SUNLAND CENTER IN THE DISTRICT, IF THE ACTUAL APPOINTMENT WILL BE MADE BY THE SUPERINTENDENT OF THAT CENTER, AND WILL BE APPROVED BY THE DISTRICT ADMINISTRATOR?
Your inquiry concerns the possible applicability of s 116.111, F.S., to the appointment of an assistant superintendent at a Sunland Center located in District XI. Your letter indicates that your department is considering appointing the husband of the District XI Deputy District Administrator as Assistant Superintendent at such Sunland Center. The (nonrelated) Superintendent of the Sunland Center will make the actual appointment, but the appointment will have to be approved by the (nonrelated) District Administrator. The Deputy District Administrator is the immediate supervisor of the District Program Manager who supervises the Superintendent. However, in this capacity the Deputy District Administrator would have no authority to further promote the Assistant Superintendent. She would be directly involved in carrying out district office responsibilities with respect to management and accountability at this institution.
Section 116.111(2)(a) provides:
 A public official may not appoint, employ, promote, or advance, or advocate for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control any individual who is a relative of the public official. An individual may not be appointed, employed, promoted, or advanced in or to a position in an agency if such appointment, employment, promotion, or advancement has been advocated by a public official, serving in or exercising jurisdiction or control over the agency, who is a relative of the individual.
See also, s 116.111(1)(b) (defining `public official' for the purposes of s 116.111). Additionally, I note that s 116.111(2)(b) provides that `[m]ere, approval of budgets shall not be sufficient to constitute `jurisdiction or control' for the purposes of this section.'
Section 116.111, F.S., the `antinepotism statute,' prohibits a public official (as defined in subsection[1][b]) from appointing, employing, promoting, advancing, or advocating for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control, an individual who is a relative (as defined in subsection[1][c] of the statute).
Numerous opinions of the Attorney General have concluded that the `antinepotism' statute is not intended to prevent relatives from working together in public employment, but rather that it is intended only to prohibit those public officials, who have the power to appoint or promote or recommend their own relatives, from exercising such a power. See, AGO 080-70 (concluding that a town council could appoint the town clerk's brother as maintenance supervisor, since the prospective employee was not related to the officials in whom the appointing or employing power was vested); AGO 077-144 (concluding that a nonrelated appointing official may hire the relative of an existing department official); AGO 071-158 (concluding that the county engineer could hire a relative of a county commissioner without violating s 116.111, but that this county commissioner could not advocate employment of his relative, and would have to abstain from voting on the issue should it come before the board); AGO 074-255 (concluding that s 116.111 does not prevent a state agency from employing husband and wife teams so long as the person who hires the couple is related to neither of them, and additionally that it may not allow one spouse to promote or advance the other or to advocate promotion or advancement of the other); AGO 073-397 (concluding that a city may employ the daughter of a police lieutenant as a policewoman even though she would be at times under the supervision of her father, since neither relative possesses the power to appoint, employ, or promote); AGO 071-258 (concluding that a department head having appointing power who is not related to a prospective employee may appoint such a person even though the prospective appointee is related to an existing officer or employee in the department).
Applying the rationale of the above opinions, it is apparent that s 116.111 does not prohibit the appointment of the above described prospective official, since the individual in question is not related to the official in whom the appointing or employing authority is vested, and also since, ostensibly, the wife of the prospective official is not vested with the authority by law, rule or regulation or delegated the authority to recommend individuals to be assistant superintendent at this institution and will not recommend or advocate any such appointment. Attorney General's Opinion 077-144.
Rather, as your letter states, it is the unrelated Superintendent who will make the actual appointment, and the unrelated District Administrator who will approve the appointment.
In summary, until legislatively or judicially determined otherwise, it is my opinion that s 116.111, F.S., does not prohibit the appointment of the husband of the District XI Deputy District Administrator as an Assistant Superintendent at a Sunland Center located in the district since the actual appointment will be made by the unrelated Superintendent of that center and approved by the unrelated District Administrator, and since it does not appear that the wife of the prospective official is vested with or delegated the authority to recommend and will not recommend or advocate such appointment.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General